```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - X
                                             :
UNITED STATES OF AMERICA                     :
                                             :    INFORMATION
     - v -                                   :
                                             :    21 Cr 104
JAMES PETRO,                                 :
                                             :
                    Defendant.               :
                                             :
- - - - - - - - - - - - - - - - - - - - - - X
```

The United States Attorney charges:

### BACKGROUND

1. Unless specified otherwise, at all times relevant to this Information:

#### Relevant Entity

a. The Town of New Windsor (the "Town") was an incorporated municipality in Orange County, New York. It was governed by an elected Town Supervisor and an elected Town Board. New York Stewart International Airport ("Stewart Airport") was located in part within the Town's borders.

#### The Defendant

b. JAMES PETRO, the defendant, was the Planning and Zoning Coordinator and the Property Development Manager for the Town.

#### The Town's Acquisition of Land from the Army

c. In or about 1999, the Town acquired 250 acres

adjacent to Stewart Airport from the Department of the Army. The property contained dozens of military barracks and other buildings that the Army had constructed in or about the 1940's when the property was part of an Army Air Force base. These buildings included the ten buildings contained on the parcel of land bordered by International Boulevard to the south, Reed Street to the north, Aviation Avenue to the east and Raz Avenue to the west (the "Ten Buildings").

    d.    After it acquired the 250 acres, the Town entered into an agreement with a real estate developer (the "Developer") pursuant to which the Developer would lease the land and develop it. From in or about 2006 through in or about 2009, the Town applied for various government grants to abate the asbestos in some of the buildings on the 250 acres and to demolish those buildings. PETRO participated with others in preparing and submitting the grant applications.

    e.    In or about May 2008, the Developer obtained a report from an asbestos inspector that indicated the Ten Buildings contained asbestos containing material. The report stated that any disturbance or abatement of the asbestos was required to be performed by a licensed contractor in accordance with federal and state regulations. PETRO knew of the existence of this report prior to August 2015.

### Plans to Demolish the Ten Buildings

f.  In or about June 2012, PETRO discussed with others the need to prepare a written request for bids to abate the asbestos in, and demolish, the Ten Buildings. The Town initially requested bids from asbestos inspectors to conduct asbestos surveys of the Ten Buildings. PETRO and others decided asbestos surveys were unnecessary because the Ten Buildings had already been surveyed in May 2008.

### The Clean Air Act

g.  The Clean Air Act ("CAA"), codified at Title 42, United States Code, Sections 7412 et seq., and its accompanying regulations promulgated by the Environmental Protection Agency ("EPA"), governed the demolition of buildings containing asbestos, a hazardous air pollutant. The regulations applied to owners and operators of buildings subject to demolition, including persons who controlled or supervised demolition operations.

h.  The regulations required owners and operators of buildings subject to demolition:

   i.  to give written notice to the EPA of their plan to demolish buildings containing asbestos at least ten days before such work was to begin;

   ii. to remove the asbestos from the buildings

prior to demolition;

        iii. to wet the asbestos as it is being removed and placed in leak-tight containers; and

        iv. to have the process of removing the asbestos supervised by persons trained in the regulations and the means of complying with them.

### COUNT ONE

**(Violation of the Clean Air Act)**

2. From in or about May 2015 to in or about June 2015, JAMES PETRO, the defendant, and others drafted a request for proposals to demolish the Ten Buildings. This request for proposals did not disclose the presence of asbestos containing materials in the Ten Buildings but said only that the demolition materials were to be disposed of in accordance with all federal, state and local regulations. The Town published this request for proposals on or about June 5, 2015.

3. In or about June and July 2015, contractors submitted bids in response to the June 5 request for proposals to demolish the Ten Buildings. In or about July 2015, the Town awarded the contract to demolish the Ten Buildings to Contractor 1, who had submitted the lowest bid of $262,000. Contractor 1 was not a licensed asbestos contractor and had limited experience with asbestos. Although Contractor 1 did not submit a plan to abate

the asbestos in the Ten Buildings or an asbestos clearance letter to the Town, the Town gave Contractor 1 permits to demolish the Ten Buildings.

4. From on or about August 11, 2015 through on or about August 16, 2015, Contractor 1 and his crew demolished the Ten Buildings without removing the asbestos contained therein by knocking the buildings down with a backhoe, thereby releasing the asbestos to the open air.

5. On or about August 19, 2015, an official with the Asbestos Control Bureau of the New York State Department of Labor ("DOL"), suspended work on removing the debris piles resulting from the demolition of the Ten Buildings.

6. From in or about May 2015 to in or about August 2015, in the Southern District of New York and elsewhere, JAMES PETRO, the defendant, negligently released into the ambient air asbestos, a hazardous air pollutant listed pursuant to Section 7412 of the CAA, and at the time negligently placed other persons in imminent danger of death and serious bodily injury.

(Title 42, United States Code, Section 7413(c)(4) and
Title 18, United States Code, Section 2.)

_____
AUDREY STRAUSS
United States Attorney